IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MEGAN E. DAWSON, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 3:23-cv-431-ECM |
| | )                [WO] |
| NANCY BUCKNER, *et al.*, | ) |
| | ) |
|   Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

On January 9, 2024, the Magistrate Judge entered a Recommendation that Plaintiff Megan E. Dawson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1) be dismissed without prejudice for lack of jurisdiction. (Doc. 15). On January 16, 2024, the Plaintiff timely filed objections to the Magistrate Judge's Recommendation. (Doc. 16).

After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections, the Court concludes that the Plaintiff's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and the Plaintiff's § 2254 petition is due to be dismissed without prejudice for lack of jurisdiction.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires

that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error.

To the extent the Plaintiff raises general objections or merely restates the allegations in her petition (doc. 1), those objections are reviewed for clear error and are due to be overruled. The Plaintiff objects to the Recommendation's finding that her minor child is not in the state's custody, arguing that this case is unique and that the Court is "setting a precedent that trial courts have the right to interfere with a biological, natural parent and their child through detainment" without recourse for the biological parent to regain custody of her minor child without the state being involved. (Doc. 16 at 3). While this objection reflects a disagreement with the Recommendation, it fails to establish any error in the Recommendation's analysis or conclusion. Moreover, the Recommendation concluded only that recourse is unavailable through federal habeas; it did not foreclose other avenues of recourse which may be available under the law. Additionally, the Plaintiff acknowledges that this "is a family law matter" (*id.* at 4), and despite her protestations that she is "not challenging parental rights or child custody" (*id.*), her petition and objections

2

reveal otherwise (*e.g.*, *id.* at 3). And as the Recommendation observed, "federal habeas has never been available to challenge parental rights or child custody." (Doc. 15 at 5 (citation omitted)); *see also Lehman v. Lycoming Cnty. Child.'s Servs. Agency*, 458 U.S. 502, 511 (1982). Consequently, the Plaintiff's objections are due to be overruled.

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1. The Plaintiff's objections (doc. 16) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 15) is ADOPTED;

3. The Plaintiff's § 2254 petition (doc. 1) is DISMISSED without prejudice for lack of jurisdiction.

A separate Final Judgment will be entered.

DONE this 2nd day of July, 2024.

        /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE